Bradley E. Schwan, CA SBN 246457
bschwan@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

ANNE SWEENEY JORDAN, SBN 273589
ajordan@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando Street, 7th Floor
San Jose, CA 95113
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorneys for Defendants
THE SERVICEMASTER COMPANY, LLC, TERMINIX INTERNATIONAL, INC., AND THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TYRON COOLEY, on behalf of himself and all others similarly situated,

Plaintiff,

v.

THE SERVICEMASTER COMPANY, LLC, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:20-cv-01382-MCE-DB

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING THE UNITED STATES SUPREME COURT'S REVIEW OF PETITION FOR WRIT OF CERTIORARI**

Date:
Time:
Dept:

(Sacramento Superior Court Case No: 34-2020-00278350)

Complaint Filed: May 8, 2020

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 6
II. PROCEDURAL BACKGROUND ........ 7
III. ARGUMENT ........ 9
A. This Court Should Issue a Stay Pending Review of the Petition by the United States Supreme Court. ........ 9
1. There Is a Reasonable Probably That The Supreme Court Will Grant Certiorari ........ 11
a. The Panel's Decision Conflict's With Viking River's Guidance on Preemption. ........ 12
b. The Panel's Decision Conflicts With Supreme Court Precedent By Effectively Invalidating the Arbitration Agreements of Other Employees. ........ 15
c. The Conflict Between Viking River and Adolph Continues To Create Confusion. ........ 16
2. There Is A "Significant Possibility" Of Reversal. ........ 17
3. Terminix Will Suffer Irreparable Harm If This Case Is Not Stayed. ........ 17
IV. CONCLUSION ........ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011).......................................................................12, 16

*Bridge Fund Capital Corp. v. FastBuck Franchise Corp.*,
No. 2:08–cv–00767–MCE–EFB (E.D. Cal. May 12, 2009) 2009 WL 1325823 ..............................................................................................19

*Britton v. Co–Op Banking Group*,
916 F.2d 1405 (9th Cir.1990) ...........................................................19

*Cherny v. AT&T, Inc.*
No. CV 09-3625-GW AGRX, 2010 WL 2572929 (C.D. Cal. Feb. 8, 2010) ..............................................................................................19

*Circuit City Stores, Inc. v. Adams*,
532 U.S. 105 (2001).......................................................................11, 12

*Citibank, N.A. v. Stok & Assocs., P.A.*,
No. 09-20770-MC, 2010 WL 11553381 (S.D. Fla. Dec. 15, 2010) ....................9

*Cooley v. Servicemaster Company, LLC, et al.*,
2024 WL 866123 (9th Cir. Feb. 29, 2024) (Case No. 23-15643, Dkt. 9, Opening Brief, .)...........................................................................7, 8

*Cooper v. Aaron*,
358 U.S. 1 (1958)...............................................................................15

*DIRECTV, Inc. v. Imburgia*,
577 U.S. 47 (2015)..............................................................................12

*Epic Systems Corp. v. Lewis*,
584 U.S. 497 (2018)...................................................................12, 15, 17

*Johnson v. Lowe's Home Ctrs., LLC*,
93 F.4th 459 (9th Cir. Feb. 12, 2024) *reh'g denied* (Mar. 15, 2024)...........11, 14

## TABLE OF AUTHORITIES
(continued)

Page(s)

**Federal Cases**

*Karimy v. Associated Gen. Contractors of Am.-San Diego Chapter, Inc.*, Civ. No. 08–CV297–L(CAB), 2009 WL 3698397 (S.D. Cal. Nov. 5, 2009) ....... 19

*Kindred Nursing Centers Ltd. P'ship v. Clark*, 581 U.S. 246 (2017) ....... 12, 17

*Landis v. North American Co.*, 299 U.S. 248 (1939) ....... 9

*McBurnie v. RAC Acceptance East, LLC*, 95 F.4th 1188 (9th Cir. Mar. 14, 2023) ....... 11

*Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17 (2012) (per curiam) ....... 15

*Packwood v. Senate Select Comm. On Ethics*, 510 U.S. 1319 (1994) (Rhenquist, J., in chambers) ....... 17

*Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196 (W.D. Wash. 2019), *aff'd*, 971 F.3d 904 (9th Cir. 2020) ....... 10

*Stern v. Cingular Wireless Corp*. (C.D. Cal. Sept. 11, 2006) No. CV 05 8842 CAS, 2006 WL 2790243 ....... 19

*Uber v. Gregg*, No. 23-645 (U.S. Dec. 14, 2023) ....... 11

*Viking River Cruises v. Moriana*, 596 U.S. 638 (2022), *reh'g denied* (Aug. 22, 2022) ....... *passim*

*Waithaka v. Amazon.com, Inc.*, No. C19-01320-RSM, 2020 WL 7028945 (W.D. Wash. Nov. 30, 2020) ....... *passim*

*Williams v. Mohawk Indus., Inc.* No. 4:04-CV-0003-HLM, 2007 WL 9724132 (N.D. Ga. Jan. 16, 2007) ....... 9

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

## California Cases

*Adolph v. Uber Technologies, Inc.*,
532 P.3d 682 (Cal. 2023) ........ *passim*

*Arias v. Super. Ct.*,
209 P.3d 923 (Cal. 2009) ........ 6

*Balderas v. Fresh Start Harvesting*,
2024 Cal. App. LEXIS 1764 (2d App. Dist. Mar. 20, 2024) ........ 16

## Federal Statutes

28 U.S.C.
§ 1447(c) ........ 8
§ 2101(c) ........ 9
§ 2101(f) ........ 10

Federal Arbitration Act, 9 U.S.C.
§§ 1-16 ........ 6, 9, 10, 11, 17, 19

## California Statutes

California's Private Attorney General Act, Cal. Labor Code
§§ 2698 *et seq*. ........ *passim*

# I. INTRODUCTION

Defendants The ServiceMaster Company, LLC, Terminix International, Inc., and The Terminix International Company Limited Partnership (collectively "Terminix") respectfully requests that this Court stay this action pending the United States Supreme Court's review of Terminix's forthcoming Petition for Writ of Certiorari (the "Petition").

A stay is warranted. Terminix's petition will present not just a substantial question, but one of exceptional importance to the enforceability of agreements for individual arbitration of claims under California's Private Attorney General Act ("PAGA"), Cal. Labor Code §§ 2698 *et seq*. Specifically, the question presented is whether the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, preempts the California Supreme Court's holding in *Adolph v. Uber Technologies, Inc.,* 532 P.3d 682 (Cal. 2023), that representative PAGA claims may proceed in court and remain part of the same action as individual PAGA claims sent to arbitration.

In *Viking River Cruises v. Moriana,* 596 U.S. 638 (2022), *reh'g denied* (Aug. 22, 2022), the Supreme Court held that the FAA preempts California's then-refusal to sever and compel arbitration of individual PAGA claims because it impermissibly expanded individual arbitration to include representative claims the parties had not agreed to arbitrate. The effect of *Viking River* was thus to ensure the enforcement of agreements to arbitrate PAGA claims individually.

Subsequently, in *Adolph*, the California Supreme Court held that representative PAGA claims nonetheless remain in court, and that the individual arbitration will determine a component—statutory standing—of the representative PAGA claim. 532 P.3d at 694-95. But *Adolph* did not disturb prior California law holding that the judgment in a representative PAGA claim "binds all . . . nonparty aggrieved employees." *Arias v. Super. Ct.*, 209 P.3d 923, 933 (Cal. 2009). In this case, the panel followed *Adolph* and reversed the dismissal of plaintiff-appellant Tyron Cooley's ("Cooley") representative PAGA claim. As a result, the individual arbitration of his

individual PAGA claim will be expanded to encompass the issue of his standing to assert representative PAGA claims, and his representative PAGA action will extinguish any individual PAGA claims of other employees, thus preventing individual arbitration of those claims, to which those employees had agreed. Thus, the question presented by Terminix is novel and there is a reasonable probability that the Supreme Court will grant Certiorari. Moreover, the novelty of the issue presented raises a "significant possibility" of reversal.

Without a stay, Terminix will suffer irreparable harm. The district court had compelled arbitration of Cooley's individual PAGA claims and dismissed Cooley's representative PAGA claims. The Memorandum Disposition vacates the dismissal and remands the case for further proceedings, to include whether Cooly has standing and whether the case should be remanded to state court. Without a stay, Cooley's representative PAGA claims would be revived, forcing Terminix to litigate a broad statewide representative PAGA action that eviscerates other employees' agreement to arbitrate PAGA claims while Terminix simultaneously petitions the Supreme Court for a ruling that reinstates the district court's dismissal of the representative PAGA claim. Accordingly, Defendant respectfully requests that this Court grant a stay of this action pending review of Terminix's Petition.

## II. PROCEDURAL BACKGROUND

On August 17, 2021, this Court granted Terminix's motion to compel arbitration. (Dkt. 18.) In so doing, this Court applied the FAA and determined that Cooley entered into Terminix's mandatory arbitration policy, set forth in the We Listen Plan. (Dkt. 18 at 9-12.) Cooley did not appeal this Court's grant of Terminix's first motion to compel arbitration, and that order is not at issue through the instant appeal. (*Cooley v. Servicemaster Company, LLC, et al.,* 2024 WL 866123 (9th Cir. Feb. 29, 2024) (Case No. 23-15643, Dkt. 9, Opening Brief, at p. 7.)) Thus, it is undisputed that Cooley entered into a valid, binding arbitration agreement with Terminix, which is enforceable under the FAA. (Dkt. 18 at 9-12.)

After the U.S. Supreme Court's *Viking River* decision, on October 14, 2022, Terminix moved to compel arbitration of Cooley's individual PAGA claims and dismiss the representative PAGA claims (Dkt. 26, 26-1, 26-2), which Cooley opposed (Dkt. 28, 28-1). On April 13, 2023, this Court granted that motion, stating:

> Arbitration may be compelled as to the individual PAGA claims, which strips plaintiffs of statutory standing to pursue representative PAGA claims in court. This is because '[w]hen an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit.'

(Dkt. 30 (quoting *Viking River,* footnote omitted).)

This Court lifted the stay, ordered that Cooley's individual PAGA claims must be arbitrated, and dismissed the representative PAGA claims. (Dkt. 30.) That same day, judgment was entered in accordance with this Court's order. (Dkt. 31.) On April 27, 2023, Cooley filed a notice of appeal. (Dkt. 32.)

On February 29, 2024, the Ninth Circuit Panel issued its Memorandum Disposition ("Memorandum") vacating this Court's order of dismissal and remanded for further proceedings consistent with the memorandum disposition. The Panel "h[e]ld that Cooley has statutory standing to bring his representative PAGA claims" under *Adolph*. (Dkt. 36 at 4.) The Panel did not consider or address whether the FAA preempts this application of *Adolph*, *see id.*, which Terminix had argued extensively in its briefing. (*Cooley v. Servicemaster Company, LLC, et al.,* 2024 WL 866123 (9th Cir. Feb. 29, 2024) (Case No. 23-15643, Dkt. 18, Answering Brief, at p. 25-30.)) The Panel then remanded the case for this Court to "consider Cooley's constitutional standing," explaining that "[i]f the district court determines that Cooley does not have constitutional standing, then this case must be remanded back to state court, where Cooley does have standing, under 28 U.S.C. § 1447(c)." (Dkt. 36 at 4.)

## III. ARGUMENT

### A. This Court Should Issue a Stay Pending Review of the Petition by the United States Supreme Court.

28 United States Code section 2101(f) expressly provides that this Court may issue a stay pending the United States Supreme Court's consideration of the Petition:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court…

28 U.S.C. § 2101(f).

Under Section 2101(f), this Court has the ability to grant a reasonable stay in this case to allow the U.S. Supreme Court time to consider Terminix's Petition. *Citibank, N.A. v. Stok & Assocs., P.A.*, No. 09-20770-MC, 2010 WL 11553381 at *1-2 (S.D. Fla. Dec. 15, 2010) (Motion to stay granted under 28 U.S.C. § 2101(f) on an order denying motion to compel); *Williams v. Mohawk Indus., Inc.* (N.D. Ga. Jan. 16, 2007) No. 4:04-CV-0003-HLM, 2007 WL 9724132 at *1-4 (28 U.S.C. § 2101(f) does not prohibit the court from entering a stay of discovery in a case involving an interlocutory appeal.) Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1939) . This Court should exercise its discretion and issue a stay to allow the U.S. Supreme Court time to consider Terminix's Petition. Indeed, Terminix anticipates that any stay will be more than reasonable since it will not extend more than a few months at most given the U.S. Supreme Court's typical consideration timeline. 28 U.S.C. § 2101(c).

/ / /

*Waithaka v. Amazon.com, Inc.*, No. C19-01320-RSM, 2020 WL 7028945 (W.D. Wash. Nov. 30, 2020) is instructive here.[1] In *Waithaka*, the plaintiff was a driver who provided delivery services as an independent contractor through the Amazon Flex ("AmFlex") app. *See id*. at *1. The plaintiff later filed a class action against Amazon alleging that he and other drivers were misclassified as independent contractors. *See id*. Amazon moved to compel arbitration pursuant to the independent contractor agreement between Amazon and the plaintiff. *See id*. The District Court concluded that the plaintiff and those similarly situated fell within the Federal Arbitration Act's ("FAA") transportation worker exemption, 9 U.S.C. § 1, that Massachusetts law therefore governed the enforceability of the arbitration provision, and that the provision was unenforceable based on Massachusetts public policy. *See id*. Amazon appealed the court's ruling on the FAA transportation worker exemption to the First Circuit Court of Appeal. *See id*. The First Circuit affirmed the district court's holding. *See id*. at *2. Amazon subsequently filed a motion to stay proceedings pending the U.S. Supreme Court's ruling on Amazon's forthcoming petition for a writ of certiorari in *Waithaka*. *See id*.

The *Waithaka* court began its analysis by setting forth the applicable standard in determining whether a stay should be granted under 28 U.S.C. 2101(f). An applicant before the United States Supreme Court must demonstrate:

> '(1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the [Supreme] Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed.'

[1] The plaintiff brought the *Waithaka* action in Massachusetts state court, but Amazon removed the action to the U.S. District Court for the District of Massachusetts. Around the same time, there was a related action filed in the U.S. District Court for the Western District of Washington where the plaintiff alleged the misclassification of AmFlex drivers as independent contractors. *See Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196 (W.D. Wash. 2019) , *aff'd*, 971 F.3d 904 (9th Cir. 2020). Amazon moved to compel arbitration pursuant to the independent contractor agreement at issue in that case as well. *See id*. The District Court denied Amazon's motion on similar grounds as in *Waithaka* and the Ninth Circuit Court of Appeals affirmed the district court's decision. *See id*.

> *Packwood v. Senate Select Comm. On Ethics,* 510 U.S. 1319 (1994) (Rhenquist, J., in chambers) (citing *Barnes v. E-Systems, Inc. Group Hosp. Med. & Surgical Ins. Plan,* 501 U.S. 1301, 1302 (1991) (Scalia, J., in chambers)). In addition to considering these factors, courts must 'balance the equities – to explore the relative harms to applicant and respondent, as well as the interests of the public at large.'

*Waithaka*, 2020 WL 7028945 at *2.

**1. There Is a Reasonable Probably That The Supreme Court Will Grant Certiorari.**

With regard to the first factor, the *Waithaka* court acknowledged that the U.S. Supreme Court rarely grants certiorari. *See id.* at *3. Despite this, a "reasonable probability" that certiorari will be granted has been found when the issue has not previously been decided by the U.S. Supreme Court and for which there exists a conflict. *See id.* at *3-*5. ("Considering Judge Bress' dissent, and the fact that the Supreme Court has not previously considered the issue of whether AmFlex drivers are exempt from the FAA under 9 U.S.C. § 1, the Court finds 'reasonable probability' that certiorari could be granted to address a conflict with *Circuit City*.").

Such is the case here. Indeed, a Petition for Writ of Certiorari is already pending before the U.S. Supreme Court on this same question in *Uber Technologies Inc. v. Gregg*, and the Supreme Court has relisted consideration of review at least once. No. 23-645 (U.S. Dec. 14, 2023). Similar to the *Uber* Petition, Terminix's Petition presents the novel, important, and non-frivolous question of whether the Panel's Memorandum endorses an interpretation of *Adolph* that conflicts with *Viking River* and the FAA.[2] Although the Supreme Court addressed preemption in *Viking River*, it avoided the issue by relying on statutory standing as the basis for dismissing the representative claim, but *Adolph's* differing interpretation of statutory standing does not absolve the courts of

[2] The application of *Viking River* has already generated significant appellate activity. *See Uber v. Gregg*, No. 23-645 (U.S. Dec. 14, 2023); *Johnson v. Lowe's Home Ctrs., LLC,* 93 F.4th 459 (9th Cir. Feb. 12, 2024) *reh'g denied* (Mar. 15, 2024) (same issue); *McBurnie v. RAC Acceptance East, LLC,* 95 F.4th 1188 (9th Cir. Mar. 14, 2023) motion to stay mandate pending (same issue).

their obligation to consider the issue in the context of the preemption guidance set forth in *Viking River*. Moreover, ignoring preemption not only negates Cooley's individual agreement with Terminix to arbitrate his individual claims alone as set forth in their bilateral arbitration agreement, it further has the practical effect of invalidating the claims of every other California employee who entered into the same agreement with Terminix. The Supreme Court has not previously considered this specific issue, and therefore, there is a "reasonable probability" that certiorari could be granted.

**a. The Panel's Decision Conflict's With Viking River's Guidance on Preemption.**

Congress passed the FAA as "a response to hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001). It preempts all conflicting state laws that frustrate the purpose of the FAA. *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 58-59, (2015); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011). The FAA also "displaces any rule that covertly accomplishes the … objective" of undermining parties' arbitration agreements, (*Kindred Nursing Centers Ltd. P'ship v. Clark*, 581 U.S. 246, 250 (2017)), or that "target[s] arbitration" through "more subtle methods[.]" *Epic Sys Corp. v. Lewis*, 584 U.S. 497, 508 (2018). *Viking River* reiterates that the FAA protects "the freedom of parties to determine 'the issues subject to arbitration[.]'" *Viking River*, 596 U.S. at 659 (quoting *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 184 (2019)).

In *Viking River*, the Supreme Court squarely held that *Iskanian*'s indivisibility rule is preempted by the FAA. This is because California cannot impose a "compulsory … joinder rule" that forces an employer to choose between arbitrating *all* the alleged aggrieved employees' PAGA claims or *none* of them. *Id.* at 661. This indivisibility rule "circumscribes the freedom of parties to determine the issues subject to arbitration and the rules by which they will arbitrate" by imposing on them an all-or-nothing choice: arbitrate both individual and nonindividual claims or forgo arbitration entirely." *Id.* at 659 (citations omitted).

The Supreme Court also observed that representative PAGA claims (as distinguished from individual PAGA claims) are "poorly suited" for arbitration given the "higher stakes of [such] massive scale disputes" and the "absence of multilayered review in arbitral proceedings." *Id.* at 661-62 (internal quotations and citations omitted). *Seven justices agreed* that "state law cannot condition the enforceability of an arbitration agreement on the availability of a procedural mechanism that would permit a party to expand the scope of the arbitration by introducing claims that the parties did not jointly agree to arbitrate." *Viking River*, 596 U.S. at 641. Noting that "[m]odern civil procedure dispenses with the formalities of the common-law approach to claim joinder in favor of almost-unqualified joinder," those same seven justices explained that "the FAA licenses contracting parties to depart from standard rules 'in favor of individualized arbitration procedures of their own design,' so parties to an arbitration agreement are not required to follow the same approach." *Id.* (citing *Epic Sys.*, 584 U.S. at 499).

Justice Barrett wrote separately in a concurrence, joined by the Chief Justice and Justice Kavanaugh to explain that "reversal is required under our precedent because PAGA's procedure is akin to other aggregation devices that cannot be imposed on a party to an arbitration agreement." *Id.* at 664 (citing several examples of the Supreme Court's opinions which hold that the FAA preempted the imposition of the aggregation of claims in arbitration) Justice Barrett then finished her concurrence by emphatically affirming the majority's take on preemption:

> I would say nothing more than that. The discussion in Parts II and IV of the Court's opinion is unnecessary to the result, and much of it addresses disputed state-law questions as well as arguments not pressed or passed upon in this case.

*Id*.

In short, Justice Barrett correctly noted that the court's assessment of the state law standing question was superfluous because preemption alone was sufficient to carry the day and hold that individual PAGA claims are subject to individual arbitration.

The reasoning in *Adolph* ignores *Viking River*'s directives. Rather than paring away the individual PAGA claims to a separate proceeding, *Adolph* held that the arbitrable individual PAGA claims and the non-arbitrable representative claims "are not severed from one another." *Adolph*, 14 Cal. 5th at 1125. This flouts *Viking River*'s core holding that the FAA preempts California law that precludes division of PAGA claims into individual and non-individual claims. *Viking River*, 596 U.S. at 662.

The California Supreme Court further emphasized the connection between the individual and non-individual claims by suggesting that a trial court could avoid re-litigation by exercising "its discretion to stay the non-individual claims pending the outcome of the arbitration" and then treat the arbitrator's ruling as "binding on the court." *Adolph*, 14 Cal. 5th at 1123-24. But this is the same compulsory joinder that *Viking River* held the FAA forbids. It effectively expands an arbitration's scope to resolve non-arbitrable issues "unduly circumscribe[ing] the freedom of parties to determine 'the issues subject to arbitration.'" *Viking River*, 596 U.S. at 659.

Combining the individual and non-individual claims, whether through joinder before arbitration or preclusion after arbitration, undermines the very purpose of low-stakes arbitration of individual claims, rather than "massive-scale disputes" like a representative PAGA action. *Id.* at 661-62. By effectively combining the two claims into a "single action," PAGA again "effectively coerces parties to opt for a judicial forum rather than 'forgo[ing] the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution.'" *Viking River*, 596 U.S. at 662.

In *Johnson v. Lowe's Home Ctrs., LLC,* 93 F.4th 459 (9th Cir. Feb. 12, 2024) *reh'g denied* (Mar. 15, 2024) ("*Lowe's*"), Judge Lee emphasized these dangers writing that *Adolph*'s holding "that the arbitration decision of a low-stakes individual PAGA claim could have preclusive effect … on the high-stakes non-individual PAGA claim in federal court … and could tilt the stakes of arbitration for defendants and undermine the benefits of arbitration for everyone." 93 F.4th at 466 (Lee, J., concurring). These

harms cannot be undone after the fact. *Adolph* has ensured that parties are returned to the choice before *Viking River*: "either go along with an arbitration in which the range of issues under consideration is determined by coercion rather than consent" (now via preclusion rather than joinder), "or else forgo arbitration altogether." *Viking River*, 596 U.S. at 661.

Thus, the Memorandum's application of *Adolph* conflicts with *Viking River*. Under the Supremacy Clause, the U.S. Supreme Court is the final arbiter of what is federal law. *Cooper v. Aaron*, 358 U.S. 1, 18 (1958). While the California Supreme Court has the final say on the interpretation of PAGA (i.e., statutory standing), this is not license to ignore the FAA, and the federal courts have an independent obligation to decide whether the FAA preempts California law. *See, e.g.*, *Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 21 (2012) (per curiam).

**b. The Panel's Decision Conflicts With Supreme Court Precedent By Effectively Invalidating the Arbitration Agreements of Other Employees.**

The Memorandum further sanctions a rule permitting non-individual PAGA claims to proceed in court after a plaintiff's individual PAGA claim has been compelled to arbitration, which will effectively invalidate the arbitration agreements of the other alleged aggrieved employees in the case. The FAA requires courts "to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys.*, 584 U.S. at 506. For each of Terminix's employees who entered into the same arbitration agreement, *Viking River* would require that the employee's individual claims be subject to arbitration. Allowing litigation of those claims in court through a non-individual, representative PAGA claim of another employee like Cooley would prevent the resolution of those employees' claims in accordance with the agreed-upon terms of their arbitration agreements. This effectively preemptively excludes from arbitration the individual PAGA claims of all other employees who are party to arbitration agreements by which they agreed to individual arbitration. That result unlawfully "prohibits outright the arbitration of a particular type

of claim." *Concepcion*, 563 U.S. at 341. This would deny those employees the very benefits of arbitration that the FAA is meant to protect.

If, as discussed above, the FAA bars states from infringing that freedom by expanding the arbitrable issues beyond "those issues it specifically has agreed to submit to arbitration," then the foreclosure of the arbitration agreed to by numerous employees through a non-individual PAGA action in the trial court would also be unlawful under the FAA. *Viking River,* 596 U.S. at 660. This is especially well illustrated here, where the record establishes that every allegedly aggrieved employee in the PAGA cohort is bound to arbitrate their individual claims. (SER-197 ¶6.) Under the Panel's application of *Adolph*, the Agreements would be nullified. This is contrary to the FAA.

#### c. The Conflict Between Viking River and Adolph Continues To Create Confusion.

This issue requires further guidance from the Supreme Court. Rather than create clarity, the California Supreme Court's attempt to reconcile *Viking River* with state law, while ignoring preemption has only created more confusion. For example, in *Balderas v. Fresh Start Harvesting,* 2024 Cal. App. LEXIS 1764 (2d App. Dist. Mar. 20, 2024), an employee filed a complaint for civil penalties under PAGA alleging that the employer had violated various wage and hour statutes. The trial court, on its own motion, issued an order striking the employee's complaint finding that the employee did not meet the requirements for standing to bring a representative PAGA action without filing an individual PAGA claim. *Id.* The California Court of Appeal reversed, holding that a plaintiff "may bring a 'non-individual' or representative PAGA action on behalf of herself and other []employees, even though she did not file an individual cause of action seeking individual relief for herself in this action." *Id.* Per the panel: "[Plaintiff] met the standing requirements. She alleged that she 1) was an 'aggrieved' employee of [defendant], and 2) was subject to one or more [] violations [committed by defendant]." *Id.* But this ruling ignores the critical fact that the employee agreed to arbitrate PAGA claims on an individual basis and permits the employee not only to

avoid enforcement of her arbitration agreement—but also to pursue a representative PAGA proceeding in court that would be binding on all other affected employees' individual PAGA claims, thus preventing those claims from being arbitrated too.

**2. There Is A "Significant Possibility" Of Reversal.**

The *Waithaka* court found that the second prong was also met since the novelty of the issue on review raised a "significant possibility" of reversal. *See id.* ("Nevertheless, the Court finds that Judge Bress' dissent, compounded by the novelty of the issue on review, raises a sufficiently "significant possibility" of reversal to satisfy the second *Packwood* factor.") Here, Terminix's Petition presents the critical issue of whether the Federal Arbitration Act requires the complete severance of arbitrable individual PAGA claims from non-individual PAGA claims, with the individual PAGA claims committed to a separate proceeding. In *Epic Systems* and *Kindred Nursing*, the U.S. Supreme Court reaffirmed that courts "must be alert to new devices and formulas" that declare private arbitration agreements against public policy and that "a rule seeking to declare individualized arbitration proceedings off limits is . . . just such a device[.]" *Epic Systems*, 138 S.Ct. at p. 1623. "The FAA . . . preempts any state rule discriminating on its face against arbitration—for example, a 'law prohibit[ing] outright the arbitration of a particular type of claim.'" *Id.; Kindred Nursing*, 137 S.Ct. at p. 1426 (quoting *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 341 (*Concepcion*).)

**3. Terminix Will Suffer Irreparable Harm If This Case Is Not Stayed.**

Similarly, the third factor, "likelihood of irreparable harm," was met in *Waithaka*. As courts have recognized, "[i]n cases where an interlocutory appeal of a motion to compel arbitration is pending, courts find a stay warranted to prevent 'the risk of arbitration becoming moot and the possibility of having to litigate a class action." *Waithaka,* 2020 WL 7028945 at *2. As the *Waithaka* court explained:

> While the likelihood of Amazon prevailing at the certiorari stage is certainly lower compared to the interlocutory appeal

> stage, *Packwood* merely requires this Court to determine whether a 'significant possibility' of reversal exists and, if so, to analyze whether irreparable harm exists 'assuming the correctness of the applicant's position, if the judgment is not stayed.' Here, the Court has determined that the possibility of reversal exists, and that Amazon would suffer irreparable harm if improperly forced to litigate hundreds of claims.

*Id.* (citing *Packwood v. Senate Select Comm. On Ethics* (1994) 510 U.S. 1319). Likewise here, without a stay, Terminix will suffer irreparable harm because Cooley's representative PAGA claims would be revived, forcing Terminix to litigate a broad statewide representative PAGA action that eviscerates other employees' agreement to arbitrate PAGA claims while Terminix simultaneously petitions the Supreme Court for a ruling that reinstates the district court's dismissal of the representative PAGA claim. The substantial expenses that Terminix would have expended resolving the constitutional standing issue and then potentially litigating this representative PAGA dispute in the California Superior Court can never be recovered if the Supreme Court ultimately concludes that the representative PAGA claims were properly dismissed.

In balancing the interests involved, the *Waithaka* court weighed the harm to the plaintiff resulting from further delay of the resolution of the plaintiff's claims that had already been pending for approximately three years—which the court noted could be avoided by the plaintiff at any time by proceeding to arbitration—against the harm to Amazon if a class action proceeded—where, in contrast, the significant time, money and resources spent litigating a class action claim that is ultimately sent to arbitration would not be recoverable. *See id*. at *7. The *Waithaka* court eventually concluded that a stay was warranted until the arbitration question was more conclusively resolved, especially in light of the fact that the requested stay would not be for an indefinite period of time. *See id*. Here, the same result must follow. Upon weighing the relatively low harm to Plaintiff resulting from a few months long stay against the high harm to Terminix, Plaintiff, and the Court resulting from costly and expansive statewide

discovery and motion practice along with a trial on the merits, the balance of the equities tips in favor of a stay. As a result, Terminix respectfully requests this Court stay this action pending the U.S. Supreme Court's consideration of its Petition.

Furthermore, when the pending issue concerns the arbitrability of the dispute, courts in the Ninth Circuit "have taken a more relaxed approach to stay requests" given the fact that "the right to arbitrate would be devalued, if not rendered meaningless, if litigation proceeded apace." *Waithaka*, 2020 WL 7028945 at *6; *Cherny v. AT&T, Inc*. No. CV 09-3625-GW AGRX, 2010 WL 2572929, at *1 (C.D. Cal. Feb. 8, 2010) (granting stay pending outcome of certiorari petition: "Moreover, the unique, pro-consumer measures adopted in the arbitration provisions at issue here present substantial questions concerning the provision's enforceability, notwithstanding the class action waiver and California's general policy prohibiting such waivers."); *Britton v. Co–Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990) ("The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration."); *Karimy v. Associated Gen. Contractors of Am.-San Diego Chapter, Inc*., Civ. No. 08–CV297–L(CAB), 2009 WL 3698397 at *1 (S.D. Cal. Nov. 5, 2009) (staying entire proceedings in labor law and employment discrimination action where the defendant appealed an order denying its motion to compel arbitration); *Bridge Fund Capital Corp. v. FastBuck Franchise Corp.*, No. 2:08–cv–00767–MCE–EFB (E.D. Cal. May 12, 2009) 2009 WL 1325823, *2–4 (granting the defendant's motion to stay pending appeal); *Stern v. Cingular Wireless Corp*. (C.D. Cal. Sept. 11, 2006) No. CV 05 8842 CAS, 2006 WL 2790243, *1-2 (same). Here, denial of the stay could potentially result in Terminix litigating the PAGA action pending against it. Assuming Terminix's position is correct, the costs of burdensome discovery, motion practice, and a potential trial, including time, money, and resources, would be unrecoverable.

## IV. CONCLUSION

For the reasons stated above, Terminix's motion to stay proceedings pending the United States Supreme Court's Review of Petition for Writ of Certiorari should be granted.

Dated: May 9, 2024 LITTLER MENDELSON, P.C.

By: */s/ Bradley E. Schwan*
BRADLEY E. SCHWAN
ANNE SWEENEY JORDAN
Attorneys for Defendant
THE SERVICEMASTER COMPANY, LLC, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, and DOES 1 through 50, inclusive

4879-2940-8700.2 / 099616-1003