UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRON COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>SERVICEMASTER COMPANY, LLC, et al.,<br><br>Defendants. | No. 2:20-cv-01382-DC-SCR<br><br>ORDER DECLINING TO EXERCISE SUPPELEMENTAL JURISDICTION AND REMANDING THIS CASE TO THE SACRAMENTO COUNTY SUPERIOR COURT |

On November 13, 2024, the court directed the parties to file a joint status report regarding their proposals for how this case should proceed on remand from the United States Court of Appeals for the Ninth Circuit. (Doc. No. 47.) On November 27, 2024, the parties timely filed a joint status report as directed. (Doc. No. 48.) Therein, the parties agree the sole claim remaining in this action is Plaintiff's representative claim under California's Private Attorneys General Act ("PAGA") and this court does not have original jurisdiction over that claim. (Doc. No. 48 at 2, 6–7.) The parties further agree, correctly, that the only basis for this court to exercise jurisdiction over this action would be through supplemental jurisdiction as provided by 28 U.S.C. § 1367, which is discretionary. (*Id.*); *see also Echevarria v. Aerotek, Inc.*, 814 F. App'x 321, 322 (9th Cir. 2020)[1] (explaining that because the district court was limited to supplemental jurisdiction over the

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1

1  plaintiff's PAGA claim, "once the district court dismissed 'every claim over which it had original

2  jurisdiction,' its exercise of continuing supplemental jurisdiction over the PAGA claim was

3  'purely discretionary'") (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639

4  (2009)). However, the parties disagree on whether this court should exercise supplemental

5  jurisdiction over Plaintiff's sole remaining claim.

6      District courts have discretion to decline to exercise supplemental jurisdiction over a

7  claim if:

8          (1) the claim raises a novel or complex issue of State law; (2) the
   claim substantially predominates over the claim or claims over which
9          the district court has original jurisdiction; (3) the district court has
   dismissed all claims over which it has original jurisdiction; or (4) in
10         exceptional circumstances, there are other compelling reasons for
   declining jurisdiction.
11

12  28 U.S.C. § 1367(c). When determining whether to decline exercising supplemental jurisdiction

13  over a case in which all claims over which the court had original jurisdiction have been

14  dismissed, courts consider the following factors: (1) judicial economy, (2) convenience, (3)

15  fairness, and (4) comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7 (1988)

16  (noting that "in the usual case in which all federal-law claims are eliminated before trial, the

17  balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

18  convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

19  remaining state-law claims").

20      For their part, Defendants offer a single sentence to state their position that the court

21  possesses discretion to exercise supplemental jurisdiction over Plaintiff's PAGA claim, and they

22  request "the court exercise that discretion and retain supplemental jurisdiction over this case,

23  which has been in this court since July 8, 2020, rather than remanding it to the Sacramento

24  County Superior Court." (Doc. No. 48 at 7.) Defendants do not cite to any authority nor offer any

25  argument to support their request.

26      For his part, Plaintiff urges the court to decline to exercise supplemental jurisdiction and

27  instead remand this case back to the Sacramento County Superior Court. (*Id.* at 2.) Plaintiff

28  supports his request with thorough analysis, particularly applying 28 U.S.C. § 1367(c)(3). (*Id.* at

2–6.) Moreover, Plaintiff cites to several decisions by courts in the Ninth Circuit which have exercised their discretion to decline supplemental jurisdiction over a sole remaining PAGA claim where the claims giving rise to jurisdiction under the Class Action Fairness Act ("CAFA") were resolved in arbitration and/or otherwise dismissed. (*Id.* at 2–6.)

Having reviewed the authorities cited by Plaintiff, the court agrees that consideration of the factors of judicial economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction over Plaintiff's PAGA claim and remanding this case to the Sacramento County Superior Court. There is no dispute that because Plaintiff was compelled to arbitrate his individual PAGA claim and his individual wage-and-hour claims, Plaintiff's only remaining claim in this case is his representative PAGA claim. (Doc. Nos. 36 at 2–4; 48 at 2.) There is also no dispute that the merits of Plaintiff's PAGA claim have not been considered by this court. Indeed, far from addressing the merits of Plaintiff's PAGA claim and as the Ninth Circuit emphasized in its order remanding this case, the district court has not yet considered whether Plaintiff even had constitutional standing to bring his representative PAGA claim—a threshold issue that necessarily precedes consideration of the merits. (*See* Doc. No. 36 at 4.) Unsurprisingly, there has been no substantive motion practice with regard to Plaintiff's PAGA claim either. Moreover, there is no indication that the Sacramento County Superior Court would not be an equally fair forum to resolve the merits of Plaintiff's PAGA claim. For these reasons, "[d]eclining supplemental jurisdiction would serve the interest of judicial economy, fairness, and convenience." *Sheppard v. Staffmark Inv., LLC*, No. 20-cv-05443-BLF, 2021 WL 690260, at *8 (N.D. Cal. Feb. 23, 2021) ("Since the Court has dismissed Plaintiff's arbitrable claims, and the state law PAGA claim is all that remains of Plaintiff's lawsuit, in the interest of judicial efficiency and fairness the Court declines to extend supplemental jurisdiction over the PAGA claim and instead remands the PAGA claim to state court where it was originally filed.").

In addition, declining to exercise supplemental jurisdiction over Plaintiff's PAGA claim would also serve principles of comity. Consideration of the comity factor "weighs in favor of declining to exercise supplemental jurisdiction 'because the state court is competent to hear PAGA claims and may have a better understanding of the relevant state law.'" *Jimenez v. Young's*

*Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *4 (N.D. Cal. Dec. 20, 2021) (citation and brackets omitted); *see also Ramirez v. C&J Well Serv., Inc.*, No. 20-cv-535-PSG-SS, 2020 WL 6802021, at *5 (C.D. Cal. Nov. 19, 2020) (agreeing "that principles of comity favor remand" where only a PAGA claim remained); *Hernandez v. MasterCorp, Inc.*, No. 20-cv-6284-JFW-AS, 2020 WL 6747381, at *6 (C.D. Cal. Sept. 15, 2020) ("After considering judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiff's PAGA claim. Not only has the Court dismissed all of the claims over which it has original jurisdiction, 'PAGA is purely a state law creature, and primary responsibility for developing and applying state law rests with the California courts.'") (citation omitted).

Therefore, having considered the parties respective positions, the court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's remaining PAGA claim. Consequently, the court will also remand this action back to the Sacramento County Superior Court.

Accordingly:

1. The court declines to exercise supplemental jurisdiction over Plaintiff's sole remaining PAGA claim;
2. This action is remanded to the Sacramento County Superior Court for all further proceedings; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**December 30, 2024**__

Dena Coggins
United States District Judge

4